OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Oregon Municipal Court which, following a trial to the court, found appellant, Michael Moser, guilty of domestic violence. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "THE GUILTY VERDICT RENDERED BY THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
The following facts are relevant to this appeal. A complaint of domestic violence was filed against appellant for physically striking his eleven year old son in the arm and shoulder with a closed fist. A trial to the court was held on October 28, 1997. At trial, appellant's son testified that he, his seven year old brother and appellant were at Maumee Bay State Park ("MBSP"), a camp ground in Oregon, Ohio, in August 1997. According to the victim, the boys had been arguing and calling each other names several times during the day. Appellant had told them to stop three to four times during the day. The victim testified that his brother was annoying him and the victim became upset when appellant did not stop the brother; the victim then started to throw dirty laundry into the air. Appellant told him to stop and then ran over and hit the victim's shoulder forcefully with a closed fist approximately five times. The victim also testified that after appellant hit him he could not move his arm. The victim ran from the cabin to the bathroom to put cold water on his arm when the camp ranger appeared.
A park officer at MBSP testified that other campers had complained about yelling and he had gone to investigate. The park officer testified that he observed a reddening of an area on the victim's arm and that the victim could not move his arm. The park officer arranged for the victim to be transported to a hospital.
Appellant testified that the boys had been unruly all day and he had tried other passive attempts to discipline the boys. Appellant admitted hitting his son with the bottom portion of his closed hand three or four times. He testified that he had never struck his son before like that. He denied seeing any bruise or much redness on his son's arm.
The trial court found appellant guilty of domestic violence; the sentence was a $75 fine and costs. Appellant filed a timely notice of appeal.
In his assignment of error, appellant argues that the trial court's decision is against the manifest weight of the evidence because his striking his son's shoulder three to four times with the bottom portion of his closed hand cannot be construed as being excessive or causing a substantial risk of physical harm in violation of R.C. 2919.22. Appellant argues that his actions were reasonable corporal punishment. This court finds no merit in this assignment of error.
R.C. 2919.22(B) provides in pertinent part:
 "(B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:
"(1) Abuse the child;
"(2) Torture or cruelly abuse the child;
 "(3) Administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child; * * *."
In State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, the Supreme Court of Ohio stated:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
After thoroughly reviewing the record, this court concludes that any rational trier of fact could have found that the charge of domestic violence was proven beyond a reasonable doubt.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Oregon Municipal Court is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
Richard W. Knepper, J.
Mark L. Pietrykowski, J.
CONCUR.